Turley, J.
delivered the opinion of the court.
There was no error in the proceedings in this case in the court below for which it should be reversed.
On neither of the propositions contended for ty the plaintiff in error is the law with him, as they are applicable to this case.
It seems that the defendant in error was security for the plaintiff in a note, which, from its amount, was not *353 within the jurisdiction of a justice of the peace; that he executed his own note to the payee for a part of the other note, which was endorsed upon it as a payment; that this reduced the original note in amount so as to give jurisdiction of it to a justice; and the plaintiff in error was thereupon warranted upon it and judgment obtained against him.
The defendant in error afterwards sued the plaintiff for the amount credited as above, and for which he in the first instance gave his note, but subsequently paid; and it is now insted, 1st, the action does not lie, because it was a fraud upon the rights of the. plaintiff in error to pay a part of the note so as to give a justice jurisdiction of it; and that the law does not imply a promise to pay, when the transaction out of which it is sought to be raised is illegal. This general proposition is true: when a thing is forbidden or prohibited either by the common or statute law, no contract in violation of it can be enforced, and the law will imply none as arising out of it. But we cannot apply the principle to this case; a security may make a partial payment of a note, and if this payment bring the balance within the jurisdiction of a justice of the peace, we do not see that any illegal act has been done, or any one injured, in estimation of law; such payment is not forbidden, either by common or statute law.
But it is said, 2d, that as the payment was partial, no action lies for it; or otherwise, the security, by making several distinct, separate payments, might thereby split his cause of action and maintain several distinct, separate suits thereon. That a joint cause of action cannot be split up into several suits, is a very well settled principle of law; but how it can be made to apply to *354 the present case we do not understand. The defendant in error has made but the one payment, and has brought his action to recover it: this, it cannot be questioned, he has the right to do; for, otherwise, if a security did not happen to pay the whole, he never could recover what he had paid, which is not pretended on the part of the plaintifF in error. If the case should ever arise in which a security attempts to bring separate actions for separate payments made on the same transaction, we will then determine the questions arising out of it; but that is not the present case.
Judgment affirmed.